IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Lauinana Brown, | ) | Civil Action No. 5:19-cv-02766-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Winn Dixie Stores, Inc., BI-LO LLC, | ) | |
| Southeastern Grocers LLC, Southeastern | ) | |
| Grocers, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action arises from Plaintiff's alleged slip-and-fall in a grocery store located in Orangeburg, South Carolina. (ECF No. 1-1 at 3.) The matter before the court is a Motion to Remand filed by Defendants Winn-Dixie Stores, Inc., BI-LO, LLC, Southeastern Grocers, LLC, and Southeastern Grocers, Inc, with consent from Plaintiff. (ECF No. 7.)

Here, the parties request a court order remanding this action to the state court because "Plaintiff has stipulated that damages will not exceed $75,000.00, so this case no longer meets the amount in controversy for diversity cases." (*Id*.) Federal courts are courts of limited jurisdiction, but a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a) (2012). In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in

her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g., St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted).

Consequently, the court lacks jurisdiction over Plaintiff's Complaint (ECF No. 1-1 at 2-5) and therefore **GRANTS** the parties' joint request to remand this matter to state court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 31, 2019
Columbia, South Carolina